UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1906 PA (RAOx) | Date | March 18, 2025 |
|---|---|---|---|
| Title | Rhiannon Torgerson v. The Elevance Health Companies, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

    The Court has reviewed the parties' Federal Rule of Civil Procedure 26(f) Joint Report. According to the Joint Report, after this Court remanded the action, and before the Ninth Circuit vacated the remand, the parties stipulated to binding arbitration and the Los Angeles Superior Court ordered the parties to arbitrate their dispute. Defendants contend that plaintiff failed to initiate the arbitration. Plaintiff asserts that she believed the matter was stayed pending the appeal to the Ninth Circuit, and that she contacted Defendants concerning efforts to initiate the arbitration but that Plaintiff never received the arbitration intake documents. Defendants state in the Joint Report that they intend to move to dismiss the action based on Plaintiff's delay in initiating the arbitration. The Stipulation and Order for Binding Arbitration contains no deadline by which Plaintiff must initiate the arbitration.

    Absent some compelling justification, there seems to be little reason for this Court not to enforce the Los Angeles Superior Court's order requiring the parties to arbitrate their dispute. See, e.g., 28 U.S.C. § 1738 ("Acts, records, and judicial proceedings" of "any State . . . of the United States . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."). The Court therefore orders the parties to show cause in writing why the Court should not enforce the Los Angeles Superior Court's arbitration order and why this action should not be stayed pursuant to 9 U.S.C. § 3 pending completion of the arbitration. The parties' responses to the Order to Show Cause shall be filed by no later than March 26, 2025.

    IT IS SO ORDERED.